**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50044 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01731-BEN |
| v. | |
| ISELA ALEJANDRA CAMPOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Isela Alejandra Campos appeals from the district court's judgment and challenges the 108-month sentence and 5-year term of supervised release imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Campos first contends that the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, and its commentary in denying her request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reveals that the district court applied the correct legal standard, asking whether Campos was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A). Contrary to Campos's claim, the district court did not refuse to apply the five factors listed in the commentary, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), but rather concluded that they did not weigh in Campos's favor because her allegedly limited knowledge about the drug organization and its participants was not credible. We defer to the district court's credibility determinations. *See United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998). In light of Campos's evolving story, and the very large quantity of drugs she imported, the court did not abuse its discretion in concluding that Campos's role in the offense was more significant than she claimed and that she was not entitled to a minor role adjustment.

Campos next contends that the district court failed to explain the sentence

18-50044

adequately and that the 108-month sentence is substantively unreasonable. The district court explained that, notwithstanding Campos's mitigating circumstances, a 108-month sentence was warranted in light of the seriousness of the offense, and the need to deter and to protect the public. This explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court did not abuse its discretion in imposing a low-end sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Campos contends that the district court erred by failing to calculate the supervised release Guidelines range and by failing to explain the 5-year term of supervised release. Reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we conclude that there is none because Campos has not shown a reasonable probability that her sentence would have been different absent the alleged errors, *see United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

18-50044